UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: CV 15-07778-AB (JEM) | Date: January 29, 2016 |
| Title: *Hilton Head Finance, LLC et al v. Lane Topletz et al* | |

Present: The Honorable ANDRÉ BIROTTE JR.

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] Order GRANTING Motion to Dismiss**

Before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction, For Improper Venue, or Change of Venue, or to Dismiss Failure to State a Claim, filed by Defendants Lane Topletz, Dennis Topletz, Topletz Investments, Steven K. Topletz, Casey Topletz, Vicki Topletz, DVS Investments LLC, Estate of Jack Topletz, and Estate of Harold Topletz (collectively, "Defendants") on December 7, 2015. (Dkt. No. 13.) Plaintiffs Hilton Head Finance LLC, et al., did not file an opposition. The Court found the motion appropriate for resolution without oral argument and took the motion under submission. *See* Fed. R. Civ. P. 78, Local Rule 7-15. For the following reasons, the Court **GRANTS** the Motion.

### I. DISCUSSION

**A. The Motion is Granted as Unopposed.**

Under Local Rule 7-9, "Opposing Papers," papers opposing a motion are due served on the movant and filed with the court "not later than twenty-one (21) days before the date designated for the hearing of the motion." The motion was set for hearing on February 1,

2016. Accordingly, Plaintiff's opposition papers were due served and filed not later than January 11, 2016. As of the date of this order, Plaintiffs have not filed an opposition. Under Local Rule 7-12, "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." In this case, the court deems Plaintiff's failure to oppose as consent to the granting of the motion.

### B. The Motion is Granted on its Merits.

The motion also presents sound grounds for dismissing the Complaint. Defendants argue that the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over the Defendants.

A court may subject a defendant to judgment only when the defendant has sufficient contacts with the sovereign "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). As a general rule, the sovereign's exercise of power requires some act by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). A state may exercise general jurisdiction over a defendant who is a citizen or domiciliary of the state of jurisdiction, or it may exercise specific jurisdiction over a defendant with regard to disputes that rise out of or are connected with the defendant's activities within the state. *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787 (2011) (comparing general jurisdiction and specific jurisdiction). As the parties seeking to invoke federal jurisdiction, Plaintiffs have the burden of establishing its existence. *Fields v. Sedgwick Assoc. Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986).

Plaintiffs' Complaint asserts RICO claims, breach of contract, violations of Texas usury law, and unjust enrichment arising out of loans Defendants made to Plaintiffs in connection with Plaintiffs' "business of acquiring distressed single-family homes, doing major renovations and then selling to homeowners with owner financing." Compl. ¶ 19. The Complaint alleges that all of the Plaintiffs are Colorado LLCs with their principal place of business in Los Angeles, California. *See* Compl. ¶¶ 3-9. The Complaint also pleads that all of the individual Defendants are Texas residents, and that Topletz Investments is a Texas company; the Complaint does not plead any place of business for DVS Investments LLC, or the residence of the Estate of Jack Topletz, and Estate of Harold Topletz. *See* Compl. ¶¶ 10-18. The Complaint pleads no facts relating to the location of any of the properties or transactions at issue in this case, let alone any facts showing that the dispute has any connection to California.

By contrast, Defendants have submitted the Declaration Dennis Topletz to

demonstrate their lack of contacts with the state of California. Dennis Topletz is the President of Defendant DVS Investments LLC, general partner in Defendant Topletz Investments, and the brother and father of the remaining individual defendants. *See* Topletz Decl. ¶ 1. Other defendants include the Estate of Harold Topletz and the Estate of Jack Topetz; Dennis is Harold's son and Jack's nephew. *See id.* ¶ 5. Based on the foregoing, and on his statement that he is aware of his siblings' business dealings, Dennis Topletz has established foundation that he has personal knowledge of the contents of his declaration.

Dennis Topletz states that neither he nor any of the defendants are citizens or residents of California, that the individual defendants are all citizens and domiciliaries of Texas, that the entities are Texas entities with Texas principal places of business, that no defendants have any business dealings in California, that the loans that are the subject of the dispute are all secured by real property located in Texas, and that payments on the loans were made to DVS Investments' office in Dallas, Texas. *See generally id.* When a defendant contests personal jurisdiction, a plaintiff bears the burden of establishing personal jurisdiction through a prima facie showing that jurisdiction exists. *American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Here, Plaintiffs filed no opposition to the motion, so Dennis Topletz's declaration is completely unrebutted. The court therefore finds, for the purposes of this motion, that the contents of the declaration are established: that none of the individual defendants is a California citizen or domiciliary, that none of the entities are California entities, that none of the Defendants has business in California, that the transactions at issue in this case took place elsewhere –Texas – and that the properties that secured the loans are located in Texas. Based on the foregoing, the Court cannot exercise either general jurisdiction over any Defendants, or specific jurisdiction over them with respect to the matters alleged in the Complaint. Based on the foregoing, the Court need not reach the other grounds for the motion.

In light of Plaintiffs' failure to oppose the Motion, the Court finds that dismissal of the action is appropriate. As this is not a disposition on the merits, Plaintiffs are free to pursue their claims in a court that has personal jurisdiction over the defendants.

## II. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. The Complaint is therefore **DISMISSED**.

**IT IS SO ORDERED.**